## JAMES T. HAIR COMPANY
### v.
## W. W. HICHCOX.

*Advertising Contract—Construction of—Compliance with Conditions of by Advertiser—Tender—Costs.*

1. A contract was entered into between plaintiff and defendant by which, for a stated consideration, plaintiff was to advertise defendant in

a hotel register which was to be placed in five hotels in defendant's city. In an action by plaintiff to recover the price named in the contract, *held,* that the evidence showed that he had complied with the conditions of the contract and was entitled to recover.

2.   Defendant having tendered to plaintiff part of the stipulated price, could not be heard to deny his indebtedness entirely, and a verdict against plaintiff on all the issues, and judgment for costs, was manifestly wrong.

[Opinion filed December 12, 1892.]

APPEAL from the City Court of Aurora, Illinois; the Hon. R. P. GOODWIN, Judge, presiding.

Messrs. CHARLES E. WEAVER and WILLIAM THOMPSON, for appellant.

Mr. B. C. HIGGINS, for appellee.

MR. JUSTICE LACEY.   This was a suit by appellant against appellee, originally brought before a justice, and from there appealed to the City Court of Aurora, and there tried, resulting in a verdict for appellee and judgment against appellant for costs.   The suit was based on the following contract, to wit:

" Form No. 283 1-15.  92-2M.   Established 1864.

No.———

" $18.00                    AURORA, ILL., 11-28, 1890.

" James T. Hair Company is hereby requested to publish our card, to occupy four squares, once on each blotter leaf, throughout a supply of advertising hotel register books, for at least five hotels in Aurora, Ill., for which we promise to pay to the order of James T. Hair, treasurer, the sum of eighteen dollars (pro rata in proportion to size and number of books made, if less than five hotels) on delivery of the books to the hotels, to last not exceeding one year.   June 1–91."

" All stipulations are detailed with ink in this contract.

" We have received an exact duplicate of this contract note.

"Business,                        Name, W. W. Hichcox.

" Livery.                      Street,

" Contract taken by Court Burnell."

The appellant introduced proof showing the delivery of the hotel registers as above agreed on, prior to June 1, 1891, to five hotels kept and run in the city of Aurora, to wit: the Tremont House, Aurora House, Gramp's Hotel, Hotel Evans and the Bishop House, and one was delivered to the new European Hotel Sept. 24, 1891. It seems to us that the evidence is very conclusive that the "advertising hotel register" was delivered to five hotels in Aurora, according to the terms of the contract, even if it be interpreted to require the delivery of the register before June 1, 1891, as is claimed by the appellee. This was all the contract required. It was not stipulated in the contract that the register should be furnished to any particular grade of hotels, or to any particular hotel. It is claimed that the hotel register was not furnished to the New European Hotel by June 1, 1891, and that this was the one that appellee most desired to have his advertisement sent to. But the fault of this contention is that the contract did not require it. And further, the words "June 1, '91," are disconnected with any words indicating that it meant that the hotel registers were to be delivered before that time, and hence the contract could not be so read, at least without explanatory proof. The register was delivered to the New European Hotel on Sept. 24, 1891, and that, so far as appears from the contract, was in time. It appears to us that appellant showed a clear right to a verdict for the entire amount of its claim, $18, and that the verdict of the jury was manifestly against the weight of the evidence.

The verdict in this case was against the appellant on all the issues, which included the issue that there was nothing due it, and judgment was rendered against it for costs. There was no finding the issue in favor of appellee on the question of tender. As the case now stands appellee would escape paying anything and appellant would have the costs to pay. But the appellee tendered to appellant $15.35, and having done so, could not deny that he was indebted to appellant to that amount. We think, however, that the evidence shows that the entire contract price, $18, was due

appellant, and the verdict should have been for that amount. The court therefore erred in overruling the motion for a new trial.

The judgment is therefore reversed and the cause remanded.    *Reversed and remanded.*